CHAMBERLIN (DOW v.). See Case No. 4,-037.

## Case No. 2,581.

### In re CHAMBERS.

[1 MacA. Pat. Cas. 641.]

Circuit Court, District of Columbia. June, 1859.

PATENTS—"FRAMEWORK FOR SKIRTS"— ANTICIPATION—REVIEW OF COMMISSIONER'S DECISION.

[1. On appeal from a decision of the commissioner of patents, the court will not review his action in intimating that a certain patent is an apposite reference, without stating grounds to support his position, in deciding an application finally by simply reaffirming former action, and without reconsidering the application, and in deciding that if, upon appeal to a commissioner, the case is rejected upon an entirely new reference, the applicant is not entitled to have his case re-examined on his former claim, or a claim substantially similar, as such questions properly address themselves to the consideration of the commissioner in connection with the internal discipline and routine or practice of the office.]

[2. The invention of Mathew Chambers for a framework for a skirt or bustle is not anticipated by the patent of Alexander Douglass, No. 17,082, nor by the English patent of Osman, No. 2,513, of 1856.]

[Appeal from the commissioner of patents.

[Application by Mathew Chambers for letters patent for an improved framework for skirts or bustles. From a decision of the commissioner of patents rejecting the application, the applicant appeals. Reversed.

[The patent was subsequently granted to Chambers, July 12, 1859, and is numbered 24,720.

[The appellant assigned the following reasons of appeal:] First. Because on an examination of the alleged new invention or discovery it did not appear that the same improvement in bustles had been discovered or invented by any other person in this country prior to the alleged invention or discovery thereof by the applicant, the said Mathew Chambers, or that it had been patented or described in any printed publication in this or any foreign country, or had been in public use or on sale with the applicant's consent and allowance prior to the application, or that the improvement such as this is not sufficiently useful and important to be worthy of a patent. Second. Because in deciding against the said Chambers' application for a patent for improvement in bustles, by simply intimating that a certain English patent (Osman's) is considered to be an apposite reference, without giving any grounds to support such a position—which amounts to an ipse dixit—he departed from the correct practice of the patent office and acted contrary to the spirit of the law. Third. Because he decided finally upon the appellant's case, by simply reaffirming the former action, without reconsidering the application. Fourth. Because he decided that if upon appeal to the commissioner a case be rejected, not upon the same references that had been given by the ex-

aminer, (said references having been declared by the commissioner to be not in point, and therefore void and invalid,) but upon an entirely new reference, the applicant is not entitled to have his case re-examined on his former claim or on a claim substantially similar; thus deciding in effect that, because the examiner had erred (according to the commissioner's own opinion) in deciding adversely to the applicant's claim, the applicant should be deprived of the privilege of a second examination or reconsideration of his claim, as provided by law. Fifth. Because he decided that the appellant's claim of invention is covered by Osman's patent, contrary to the express language of the two specifications and claims. Sixth. Because he decided that the objects and purposes intended to be accomplished by and derived from the appellant's invention might or could be accomplished by Osman's; whereas his arrangement, on the contrary, is not at all available or serviceable for distributing the weight of the skirts in order to relieve the waist from over-pressure, which is the main object of the appellant's invention.

A. Pollok, for appellants.

MERRICK, Circuit Judge. In considering the reasons of appeal filed in this case, the second, third, and fourth appear to me to present questions more properly addressing themselves to the consideration of the commissioner in connection with the internal discipline and routine of practice of the office, not involving matters cognizable before a judge of the circuit court upon appeal. The law undoubtedly requires of the commissioner to aid the inventor by information and suitable references in remedying a defective specification or claim, and to assist his judgment in determining whether he should withdraw or persist in a rejected application; but the manner of so doing is of necessity left to the sound discretion of the commissioner; and whether the duty be well or insufficiently performed in a particular instance, is not the subject of review, and from the nature of such cases cannot be passed upon by a judge on appeal. I therefore dismiss those three objections from further inquiry.

The first, fifth, and sixth reasons of appeal amount to but one, viz., that his invention has not been anticipated by any other, and particularly that the English patent of Osman (described in the thirty-first volume of English specifications for 1856, No. 2,513) does not embrace his claim. The examiner originally in charge of the case rejected the claim upon reference to the patent of Alexander Douglass of April 21st, 1857 (No. 17,082); but upon review of his decision upon two successive modifications of the claim, the commissioner, confirming reports of the board of review, declared that reference inapplicable, upon the ground that Chambers relied upon a combination of a corset band with the frame-work of a hooped skirt, and that this was not to be found in Douglass' invention, but that the essential features of his invention were embraced by Osman's patent. Upon comparing Osman's patent with Douglass', I have not been able to discover the combination of a corset band furnished with distributing stays upon the back, sides, and front thereof, any more than in Douglass'; but in the element of usefulness and novelty most relied upon in the present claim, to wit, the distribution of weight and compression upon the parts of the body best adapted to sustain weight and compression, the advantage appears to me to be with the Douglass patent, in this: that Osman's transfers the weight from the circle of the waist by three perpendicular strips of metal, forming the heads or fulcrums of the three springs which make the bustle, while the cords or adjustable metallic bands marked in Douglass' drawings CC distribute that same weight much more perfectly and on a much larger surface of the lower back and hips of the wearer. If, therefore, Douglass' invention is not in the way of the combination claimed by Chambers, neither is the patent of Osman. If the application of Chambers extended no further than to a partial relief of the waist of the wearer, by distributing a portion of the weight of the dress upon the strong parts of the back, I should feel obliged to reject the claim upon that reference; but the claim goes not only to the relief of weight upon the waist, but to the relief of the waist from the ill effects of the necessary confinement and compression along the front of the circle of the waist; and this is accomplished by the continuation of the corset and its arrangement in such a way as to operate as an abdominal supporter, and making the weight and stricture, which might prove injurious if limited to the waist, beneficial, by distributing them, by means of the stays and lacings of the corset, over the whole abdomen. In this way, it appears to me that he has introduced a new feature of general distribution of weight and compression over the abdomen, loins, and back not found in the other patents, and sufficiently distinctive to entitle him to a patent for his combination of a bustle with a corset, in the manner described in his specifications. The vital element of Douglass' invention, although, as I have just said, it embraces some parts of Chambers' claim, consists in the admirable adaptation of the adjusting cords CC, which give lightness and form to the article and enable the wearer from time to time to change the arc of its curvature in obedience to the demands of good taste. And looking to this as the controlling idea in Douglass' patent, I cannot think that the invention of Chambers

materially conflicts with it, and hence conclude that each should receive from a discriminating public the appropriate rewards for his ingenuity.